## YONCALLA STATE BANK v. LENA GEMMILL.[1]

### November 3, 1916.

### Nos. 19,905—(43).

**Bank — liability of stockholders — amendment of Constitution.**

1. At the time the plaintiff, a state bank of Oregon, was organized and defendant became owner of shares of stock therein the Constitution of said state contained no provision reserving in the state the right to amend or alter the charter of the bank so as to increase the obligations of its stockholders, but on the contrary a provision of the Constitution at that time did guarantee that a stockholder should not be liable beyond the unpaid par value of the shares of stock owned. A subsequent amendment of said provision imposing a double liability upon stockholders in banks, cannot be *held* to embrace those who became such previous to the adoption of the amendment.

[1] Reported in 159 N. W. 798.

Note.—The question of effect of reserved power to alter or amend corporate charters so as to increase the obligations of stockholders, is discussed in a note in L.R.A. 1915B, 810.

**Same — exercise of police power in violation of Constitution.**

2. The right to regulate and control banking business under the police power of the state cannot go to the extent of imposing a personal liability upon the stockholders in a bank contrary to the express constitutional provision in force at the time of the organization of the bank and the purchase of the stock by the stockholders.

Action in the district court for Mower county to recover $1,500, being the amount of an assessment of $100 per share upon the shares of stock of insolvent plaintiff owned by defendants, which was levied thereon by the superintendent of banks of the state of Oregon. From an order, Kingsley, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Allen & Fletcher,* for appellant.

*Sasse & French* and *E. Everett Eder,* for respondent.

HOLT, J.

The state superintendent of banks of the state of Oregon, upon ascertaining that a state bank is insolvent, may levy an assessment against the stockholders and collect the assessment by suit, brought in the name of the bank. This suit was so brought against defendant. The facts are these: The plaintiff bank was organized under the laws of Oregon in 1911, and is now insolvent. On January 9, 1912, defendant purchased 15 shares of its capital stock, paying the full par value of one hundred dollars in cash. November 12, 1912, the people of Oregon adopted a constitutional amendment whereby stockholders in state banks may be held liable in double the amount of the par value of the shares of stock owned. The court sustained a demurrer to the complaint, and plaintiff appeals.

If the amendment of section 3 of article 11 of the Constitution of the state of Oregon, adopted on the date before mentioned, was designed to impose, and could impose, a double liability upon persons who became stockholders in banks previous to its adoption, the demurrer should have been overruled, for no question is made of the authority to bring this suit, or of the need of the assessment to pay creditors, or of the regularity of the steps preliminary to suit. The constitutional provisions of Oregon pleaded as controlling defendant's liability are these, viz: Section 3 of

article 11, in force and effect for more than three years prior to the amendment mentioned, reading as follows: "The stockholders of all corporations and joint stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid and no more." By the amendment of November 29, 1912, the section was made to take this form: "The stockholders of all corporations and joint stock companies shall be liable for the indebtedness of said corporation to the amount of their stock subscribed and unpaid and no more, excepting that the stockholders of corporations or joint stock companies conducting the business of banking, shall be individually liable, equally and ratably and not one for another, for the benefit of the depositors of said bank to the amount of their stock, at the par value thereof, in addition to the par value of such shares." When plaintiff was organized and when defendant became a stockholder therein section 2 of the same article read: "Corporations may be formed under general laws, but shall not be created by the legislative assembly by special laws. The legislative assembly shall not enact, amend, or repeal any charter or act of incorporation for any municipality, city or town." It is stated in the briefs that from the formation of the state until 1906 when said section 2 was amended so as to read as just stated, it appeared in this form: "Corporations may be formed under general laws but shall not be created by special laws except for municipal purposes. All laws passed pursuant to this section may be altered, amended, or repealed, but not so as to impair or destroy any vested corporate right."

Appellant concedes that under the doctrine of the Dartmouth College case a state may not alter or amend the charter of a corporation so as to impair contract rights unless such power was reserved by the state at the time the charter was granted. But it is contended that because of the original reading of said section 2 it is permissible and proper to construe said section as it read at the time the bank was organized into a reservation by the state of the power to alter, amend, or repeal charters of corporations or laws affecting them, so as to add to the liabilities of stockholders, and, if this contention be held unsound, that the police power of the state is authority for the imposition of a double liability upon all

stockholders in banks, including those who became such when the Constitution expressly limited liability to the unpaid amount of the par value of their shares of stock.

Assuming that originally section 2 had the reading claimed in the briefs, it seems quite clear that when, in 1906, it was amended "so as to read" as alleged in the complaint, nothing at all remained of the former language of the section. It was wiped out and its wording could not be thereafter used to add anything to the provisions that took its place. There occurs to us no good reason for excepting this case from the general rule, applicable as well to constitutional as to statutory amendments, that, when a specific section is amended "to read as follows," the amended section is construed as to any matter after the amendment as if it had been originally in the amended form. 3 Dunnell, Minn. Dig. § 8928, and the cases there cited. Moreover, in view of the plain and certain language of said section 3, as it stood when plaintiff was organized and defendant bought her stock, no effort should be made to create by implication or doubtful construction a reserved power in the state of Oregon to so alter or amend the charter of plaintiff as to place any liability upon its stockholders beyond "the amount of the stock subscribed for and unpaid."

Much is made of the police power of the state in virtue of which banks may be regulated and controlled so as to safeguard the public. Laws have been enacted and sustained as within the police power holding officers and directors of banks criminally and civilly liable for receiving deposits when the bank is insolvent. The legislation of Oklahoma, establishing a depositors' guaranty fund by assessing all state banks, was upheld in Noble State Bank v. Haskell, 219 U. S. 104, 31 Sup. Ct. 186, 55 L. ed. 112, 32 L.R.A. (N.S.) 1062, Ann. Cas. 1912A, 487, as a valid exercise of the state's police power. And among the objections overruled in the last named case we find these, viz: That the law deprived the bank of its property without due process of law for the benefit of depositors in another bank in which it had no interest, and that the act impaired the obligations of the bank's contract with the state as evidenced by its charter. And there can be no question but that, when funds of a bank are taken to create a guaranty fund, it is equivalent to a taking from its stockholders. But it is one thing to impose burdens upon the property voluntarily

placed in a banking business by a stockholder of a bank, and quite another to impose a personal liability upon him, thereby subjecting property which he has not devoted to banking business to be taken from him to pay creditors of the bank, and this in the face of the constitutional guaranty when he became a stockholder that it shall not be done. It seems to us quite clear that the police power of the state does not go to the extent of authorizing the recovery here invoked against defendant.

Without considering the contention of defendant that the amendment should be given a prospective effect only, under the familiar rule that laws are not to be given a retrospective effect unless the intention of the lawmakers to so do is clearly manifest, we conclude that the demurrer was correctly disposed of.

Order affirmed.